259 So.2d 113 (1971)
Albert V. RICH et al.
v.
Wade O. MARTIN, Jr., et al.
No. 8768.
Court of Appeal of Louisiana, First Circuit.
November 22, 1971.
Written Reasons November 23, 1971.
Rehearing Denied December 6, 1971.
Writs Refused December 13, 1971 and January 4, 1972.
*114 Melvin A. Bellar, Asst. Atty. Gen., Jack P. F. Gremillion, Atty. Gen., William Tommy Reeves, Jr., Asst. Atty. Gen., Baton Rouge, for appellant.
Kenneth C. Hughes, New Orleans, Albert V. Rich, Slidell, Richard L. Greenland, Metairie, Lloyd Walters, Covington, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
PER CURIAM:
For reasons to be assigned, the judgment of the trial court is affirmed. All such costs as permitted by law are assessed against the appellant.
Affirmed.
This is an election case in which the facts are not disputed. At the outset we wish to state that we are here dealing with political party nominees as distinguished from candidates for nomination. The plaintiffs, three nominees for political office from the Republican Party filed for writs of mandamus and injunction against the defendants, Wade O. Martin, Jr., the Secretary of State, Jack P. F. Gremillion, Attorney General, and Douglas Fowler, Custodian of Voting Machines.
The District Judge, for written reasons assigned, granted relief as prayed for from which judgment defendants have appealed. We affirm.
Plaintiff, Albert V. Rich, was certified as nominee for the office of Clerk of Court for the Parish of St. Tammany by the duly authorized Republican Parish Executive Committee in place of Mrs. Joleen Whitty who was previously certified for the same office by the same committee. Mrs. Whitty withdrew on September 17, 1971, the date of Mr. Rich's certification to the Secretary of State. On October 31, 1971, the Republican State Central Committee certified Mr. Rich as that party's nominee for the aforementioned office.
Plaintiffs, Delery Vega and Holden Barre, were certified by the Republican Parish Executive Committee of Jefferson Parish as that party's nominees for the positions of Parish Councilman and Constable, respectively. Mr. Vega had qualified in place of Mr. David D. Duggins and Mr. Barre had qualified in place of Mr. V. J. Gianelloni, III, who had withdrawn to seek other political positions resulting from newly created legislative districts pursuant to a reapportionment order rendered by the United States District Court for the Eastern District of Louisiana, Baton Rouge Division.
The Attorney General, in an opinion requested by the Chairman of the St. Tammany Parish Democratic Executive Committee, advised that the plaintiffs were improperly designated as their party's nominees. In accordance with this opinion the Secretary of State declined to place their names on the ballot for the general election to be held in February of 1972. The opinion of the Attorney General was to the effect that the election laws of this state and more particularly R.S. 18:362, 18:361, subd. C, 18:281 and 18:621, when considered in pari materia, do not permit the substitution of a party nominee under these conditions.
The District Judge concluded that the aforementioned statutes do not particularly provide for procedures to be followed when a party's nominee withdraws. Finding no express provision on the subject matter he applied R.S. 18:287 which reads as follows:
"§ 287. Selection of nominee by state central committee
When it is necessary by law to elect or select a party nominee for any of the recognized political parties and this Part does not make provision therefor, the *115 state central committee may provide for the election or selection of the nominee."
R.S. 18:362 provides:
"§ 362. Vacancies in nominations; lack of candidates; selection of nominee; undetermined contest
If, after the expiration of the time fixed by law for the filing of the notification of candidacy, no candidate from any political party has qualified for a political office, the committees having called the primary and having jurisdiction over the primary shall select and certify the nominee for the respective political parties for the office. No person shall be certified as the nominee of the party by a committee having jurisdiction over the primary unless the person sought to be made a nominee is registered as affiliated with the party at the time of certification and has been so registered continuously for more than six months prior to the date set by law for the primary. Such selection and certification shall be made to the secretary of state within ten days after the last date allowed to candidates to qualify with the committee; provided that these provisions shall not affect the provisions of this Chapter relative to death or withdrawal of any candidate after he has been nominated. However, if for any reason any contest filed in court is not finally decided in the district court in time to print the name of the nominee of the party upon the ballot before the election, the political party committee shall certify the name of the contestee in the suit filed, which name shall be printed upon the ballot as the nominee of the party. No court has jurisdiction to enjoin such action. However, should the district court render judgment in a contest in time to print the name of the successful litigant upon the ballot, the name of the successful litigant shall be printed upon the ballot as the nominee of the party, if no decision on appeal is had prior to the printing of the ballots. Amended by Acts 1970, No. 487, § 1." (Emphasis ours)
It is appellants' contention that the law neither authorizes or permits certification of a replacement candidate after the ten day period has expired following the qualifying period except in case of death of the party nominee, as provided for in R.S. 18:361, subd. D.
Appellants so contend on the ground that prior to the adoption of Act 487 of 1970 (which amended R.S. 18:362) state political parties possessed the right to appoint nominees in case of either death or withdrawal because Section 362 above then provided that if no person applies to become a candidate for office within the time fixed by law, or in any other circumstance where the party had no nominee selected under Title 18 the committee having jurisdiction over the primary shall select the nominee.
It is appellants' position that the foregoing authority was withheld when R.S. 18:362 was amended by Act 487 of 1970. It is argued that the latter statute eliminates the first two sentences of former Section 362, above. Appellants note that as thus amended Section 362, above, provides only that if no candidate qualifies for office, the committee having jurisdiction over the election shall certify the name of the party candidate to the Secretary of State within ten days of the last qualifying date. Appellants maintain that while legislation still provides for substitution of a nominee in case of death (See LSA-R.S. 18:361, subd. D.), no such authority now exists as regards a nominee who voluntarily withdraws. Therefore, according to appellants, the committee in this instance had no authority to substitute a nominee in place of one who has withdrawn.
Appellants interpret the ten day provision in Section 362, above, as being applicable only where a party has no candidate at the closing of the qualifying period. Appellants point out that in this instance there were candidates at closing time and that the candidates became and were certified as party nominees. Appellees' argument that Section 287 applies in this instance *116 is countered by appellants who note that Section 287 specifically states that it applies "when it is necessary by law to elect or select * * *". Appellants maintain that the quoted language evidences legislative intent that Section 287 applies only where the law expressly authorizes appointment of a nominee and that there is presently no express provision of law authorizing appointment of a replacement for a withdrawn nominee. In this connection appellants point out that the only remaining provision in the law applicable to withdrawn candidates is contained in R.S. 18:361, subd. D. As contended by appellants we note that this section specifically applies only to withdrawal of a candidate between a first and second primary and has no express application to party nominees. It is contended by appellant that the net effect of the revision of Section 362 by the 1970 Act is to distinguish between the withdrawal of a nominee and the death of a nominee. Any other conclusion according to appellants would give party committee machinery greater privileges with respect to withdrawn nominees than there is granted with respect to appointment of a replacement for a nominee who dies. Appellants next argue that the Secretary of State is required by R.S. 18:281 to place on the ballot only the names of candidates elected conformably with Title 18 LSA-R.S., and since plaintiffs were not so elected the Secretary of State rightly refused to recognize plaintiffs' appointments as nominees. In this connection appellants note that the Secretary of State is required by law, namely, R.S. 18:1072, to prepare ballots for voting and make them available to the Clerks of Court throughout the state at least 30 days prior to a primary or general election, and that chaos could result if a party committee were empowered to appoint replacements for nominees who might withdraw within the 30 day period.
In substance appellees contend that the state central committees of the various political parties are authorized by Section 287, above, to elect or select a party nominee whenever the law contains no express provision on the subject matter. In this connection appellees point to Section 362 as amended by the Act of 1970, and note that, as amended, Section 362 presently states, "; provided that these provisions shall not affect the provisions of this Chapter relative to death or withdrawal of any candidate after he has been nominated." We consider, as urged by appellee that the quoted provision of Section 362 must be construed in pari materia with Section 287. It seems patent to the court that a necessity to appoint a nominee arises when a party nominee withdraws, otherwise, the party would be without representation in the election from which its nominee had withdrawn.
We so find on the ground that the basic policy of our form of government requires that laws governing the conduct of elections be liberally interpreted to promote rather than defeat candidacy. We likewise believe that the interest of the state and its citizens will be best served if election laws are construed so as to foster representation of political parties to the end that the electorate may review the widest possible choice of candidates.
Obviously, however, such replacement appointments must be made in time to permit the Secretary of State to perform the mandatory duty imposed upon him pursuant to Section 1072 which governs the furnishing of absentee ballots. In the case at hand it is not shown that appellees' appointments did in any way restrict or infringe upon the duty of the Secretary of State with respect to the providing of ballots in this instance. To the contrary, the general election is not to be held until February of 1972.
Accordingly, for the above and foregoing reasons, the judgment appealed from is affirmed. All costs of court as permitted by law are to be borne by the defendants-appellants.
Affirmed.