377 So.2d 383 (1979)
William McCARTER, Plaintiff-Appellee,
v.
Earl BROOM et al., Defendants-Appellants.
No. 13201.
Court of Appeal of Louisiana, First Circuit.
October 4, 1979.
*384 Martin Smith, Slidell, and Julian J. Rodrigue, Covington, for defendants-appellants.
Mark Alan Jolissaint, Slidell, for plaintiff-appellee.
Before ELLIS, COVINGTON, CHIASSON, LEAR and SARTAIN, JJ.
PER CURIAM.
This is a suit by William McCarter objecting to the candidacy of Earl Broom for the District 12 seat on the Parish Council of St. Tammany Parish in the October 27, 1979, primary election. This election is the first to be held under a Home Rule Charter recently adopted in St. Tammany Parish. The charter, as adopted, provided that the boundaries of the Council districts would be the same as the Police Jury districts which existed at the time of the adoption of the charter. Mr. Broom appeals from an adverse judgment of the district court.
Mr. Broom is the incumbent Police Juror from Police Jury District 14, and his home at 2233 Bayou Lane, Slidell, Louisiana, lies within the boundaries of that district. On July 30, 1979, a federal court ordered the redistricting of the Council districts (formerly Police Jury districts) to coincide with the previously ordered boundaries of the School Board districts for St. Tammany Parish. As a result thereof, former Police Jury District 14 became Council Districts 10 and 12. Mr. Broom's home at 2233 Bayou Lane is now in Council District 10.
The July 30, 1979 judgment of the federal court was appealed by the St. Tammany Parish Police Jury. The appeal had not been acted on at the time of the trial of this cause in the district court. However, no order staying the effect of the judgment had been issued by the Federal appellate court.
It is Mr. Broom's contention that he changed his domicile prior to the close of qualifying from the Bayou Lane address to 645 Kostmayer Avenue, Slidell, Louisiana, which is located in Council District 12.
He argues here that the trial judge erred (1) in concluding that he had not complied with the one-year residency requirement of the Home Rule Charter of St. Tammany Parish, (2) in concluding that he was not domiciled in the newly created District 12, and (3) in failing to hold that, following reapportionment, he could qualify as a candidate in the newly created District 12 because it was created from old District 14 where he was originally domiciled, subject to the requirement that he be legally domiciled in and a resident of the new District 12 on the date he is sworn into office. We hold that the latter contention has merit which eliminates the necessity of our addressing his other contentions.
It is clear from the record that Mr. Broom has made a bona fide effort to change his domicile to District 12, although it is likely that those efforts were not sufficient to accomplish the change by September 14, 1979, the date on which he qualified. See arts. 38-43, Civil Code. However, we are of the opinion that the uncertainties resulting from the redistricting court order, its appeal and the necessity of its approval by the United States Attorney General, are sufficient to excuse any delay after July 30, 1979, in attempting to move into District 12.
We find that, under the special circumstances resulting from Federal intervention in the State electoral process, a substantial injustice will result if Mr. Broom is denied the opportunity to run in District 12. Candidacy is favored in order to afford the electorate a choice. As we stated in Rich v. Martin, 259 So.2d 113 (La.App. 1 Cir. 1971), application denied 261 La. 313, 259 So.2d 336, writ denied 261 La. 313, 259 So.2d 336 (1971):
"[T]he basic policy of our form of government requires that laws governing the conduct of elections be liberally interpreted to promote rather than defeat candidacy."
We therefore hold that Mr. Broom, because of his bona fide effort to establish his domicile in District 12, within a reasonable time after the reapportionment order, and before *385 the date of his qualification as a candidate, is eligible to run for councilman from District 12. We think his position is analogous to that of a candidate for the legislature, whose district is changed by reapportionment. Such a party is eligible to run so long as proper domicile is established by the time appointed for taking office. See Constitution of 1974, Article 3, Section 4(B).[1]
The judgment appealed from is therefore reversed, and there will be judgment herein dismissing plaintiff's suit at his costs.
REVERSED AND RENDERED.
NOTES
[1] § 4. Qualifications; Residence and Domicile Requirements; Term; Vacancies

Section 4. (A) * * *
(B) Domicile; Special Provisions. However, at the next regular election for members of the legislature following legislative reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in that prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding."