COVINGTON and LOTTINGER, Judges,
dissenting.
In Rich v. Martin, 259 So.2d 113 (La.App. 1st Cir. 1971), writ refused 261 La. 313, 259 So.2d 336 (1971), and reaffirmed in McCarter v. Broom, 377 So.2d 383 (La.App. 1st Cir. 1979), writ refused October 9, 1979, this Court said:
“The basic policy of our form of government requires that laws governing the conduct of elections be liberally interpreted to promote rather than defeat candidacy.”
Because of the delay of the Justice Department, acting under the authority of the Voting Rights Act of 1965, in promptly giving its approval to the proposed annexation, plaintiff was during the period of qualification in a Catch-22 situation. At the time of qualification he lived in Ward 2, District 2, and therefore properly qualified *103 to seek office therein. Now, following governmental action, his residency has been changed to Ward 1, District 1.
Under the guise of stability of elections, the majority has disqualified plaintiff and others like situated from being candidates for the councilmanic seat for Ward 1, District 1, because they did not qualify for said seat when at the time of qualification they did not meet the requirements of law to qualify.
The proper and equitable solution would be for this Court to enjoin the voting commissioners from counting and reporting the votes cast in favor of the candidates for the councilmanic seats in Ward 1, District 1 and Ward 2, District 2, and that qualification be reopened in both Districts without restriction as to whether a candidate had previously qualified as a candidate or not.
Therefore, for the foregoing reasons, we respectfully dissent.