Dear Mr. Koppel:
You have requested an opinion of this office as to whether you qualify to run for election to the Orleans Parish School Board from the newly created District 6, under the provisions of LSA-R.S. 17:52(E). It is the opinion of this office that you do qualify under this statute to run in District 6 for the board.
According to the facts stated in your opinion request, you are a lifelong resident of New Orleans, having attended public schools, worked, and lived in the City for the past 50 years. Having served as a school board member for the at-large district, which covers the entire city of New Orleans, you now wish to run for member of the board from District 6. District 6 is newly created in part from both the at-large district and the individual district in which you presently reside.
LSA-R.S. 17:52E(1) provides in pertinent part as follows:
 "Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board".
Subsection E(1) further provides for the qualifications to run for a position on the school board following a reapportionment:
 "[A]t the next regular election for members of the school board following a reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in the prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification".
Clearly under the plain meaning of § 52E(1), you qualify to run for a school board seat from District 6. District 6 was created in part from a district existing prior to reapportionment in which you were domiciled for at least one year. Under the facts presented you likewise were a resident of this state for at least two years prior to your qualification (having lived in the same neighborhood in New Orleans for fifty years). This statute is designed to cover candidates for the school board in exactly your position.
We would like to point out, however, that § 52E(1) of LSA-R.S. 17:52 applies to anyone seeking election to a position on the school board at the next regular election following a reapportionment, not just to an incumbent seeking to run from a newly created district. Such a candidate need only be an "elector," i.e., a duly qualified voter.
"The basic policy of our form of government requires that laws governing the conduct of elections be liberally interpreted to promote rather than defeat candidacy." McCarter v. Broom,377 So.2d 383 (1st Cir. 1979) citing Rich v. Martin, 259 So.2d 113
(La.App. 1st. Cir. 1971); writ den., 261 La. 313, 259 So.2d 336
(La. 1971).
In McCarter, Supra, Broom made a bona fide effort to change his domicile within a reasonable time after a reapportionment order and before the date of his qualification as a candidate although it was likely that such effort would not be sufficient to accomplish a change in domicile within the proper time period. The Court held that because of Broom's bona fide effort to establish his domicile in the newly created district within a reasonable time after the reapportionment order, and before the date of qualification, he was eligible to run for the desired elected position.
Additionally, LSA-R.S. 18:1405A provides.
 "An action objecting to candidacy shall be instituted within ten days after the close of qualifications for candidates in the primary election or with ten days after the defendant filed notice of his candidacy, whichever is later."
We hope the opinion as written is responsive to your request. If we can be of further assistance, please contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0146p