PER CURIAM.
In this appeal by the plaintiff and one of the defendants from a judgment rendered and signed in a police juror election context, we rule as follows:
(1) The Motion to Dismiss the Appeal is overruled, since the duty to timely file the record in this court is that of the Clerk of Court for the District Court and the failure of that official to do so is not chargeable to the plaintiff-appellant. Further, no prejudice to the defendant has been shown because of this failure.
(2) We find no merit to defendant’s contention that the trial judge erred in overruling his exceptions directed at plaintiff’s failure to post the petition as required by the Election Code, concluding that the ruling in Charbonnet v. Braden, 358 So.2d 360, dealing with this precise question is dispositive of the issue.
(3) Conversely, we find merit in plaintiff’s argument that the trial judge erred in dismissing his suit because the trial date was fixed on the seventh day rather than on the fourth day after plaintiff filed his suit as required by R.S. 18:1406(C).
It is our ruling that the fixing of matters for trial is clearly the responsibility of the trial judge. La.C.C.P. Arts. 191, 193, 194, 1571. In the absence of record evidence that plaintiff was involved in this fixing to the extent that he should be held responsible, and also in the absence of evidence of prejudice to defendants by the particular fixing, we do not conclude that plaintiff should be chargeable with the trial judge’s failure in this particular instance to comply with the Election Code.
For these reasons, we reverse the judgment of the district court dismissing plaintiff’s suit and remand the matter to the trial court for further proceedings consistent with this opinion.