I iWOODARD, Judge.
Defendant-Appellant, Brian Lee Stephens, has filed the instant appeal asking that this court reverse the ruling of the district court which disqualified Mr. Stephens from being a candidate for the office of Chief of Police for the Town of Cottonport, Avoyelles Parish, Louisiana. For the reasons assigned below, we reverse the trial court’s ruling, and hereby dismiss plaintiffs suit.
On July 10, 1996, Brian Lee Stephens filed qualification documents for the office of Chief of Police for the Town of Cottonport. On July 17, 1996, plaintiff filed a Petition to Disqualify the Candidate alleging that Brian Stephens had not been domiciled for the preceding one year in the Town of Cotton-port, as required by La.R.S. 33:385.1. The trial court ordered that a hearing be held on July 26, 1996. Mr. Stephens was not served with a copy of the petition. The order reflected that a copy was sent to the attorney for the plaintiff on July 18, 1996. Mr. Stephens did not appear at the July 26, 1996, hearing. The trial court also failed to appoint an attorney to represent the defendant by instanter appointment made prior to the commencement |2of trial as provided for in La.R.S. 18:1409(A). At the conclusion of the trial, the trial court orally ruled that the defendant did not meet the qualifications necessary to run in the general election for the Chief of Police of the Town of Cotton-port. The trial court disqualified the defendant from the primary election of September 21, 1996, and ordered that his name be stricken from the ballot. This judgment was never reduced to a written judgment.
On July 26, 1996, the plaintiff, Gerald J. Mayeux, filed a motion seeking the trial court to vacate the judgment entered on July 26, 1996, alleging an error patent on the face of the proceedings in that no attorney was appointed to represent the defendant. The trial court signed the order vacating the judgment on July 26,1996, and reset the case for an August 2, 1996, hearing. On July 29, 1996, Brian Stephens filed a Motion and Order for Appeal from the July 26, 1996, judgment. The Order of Appeal was signed by the other District Judge from the Twelfth Judicial District Court on July 30, 1996. On July 31, 1996, Mr. Stephens filed an Exception of Peremption/Prescription and Motion to Dismiss. The motion argued that under the Election Code the trial court was mandated to hold a hearing within four days after suit was filed, and that the matter was untimely held and should be dismissed.
On August 2, 1996, the second hearing on the merits of the case was held. Judgment was rendered on that date, denying the Exception of Peremption/Prescription and Motion to Dismiss, and denying defendant’s Motion to Continue the Hearing. The trial court further held judgment in favor of the plaintiff against the defendant decreeing that Brian Lee Stephens be disqualified for the office of Chief of Police of Cottonport, Louisiana, and that his name be stricken from the *84 ballot. From that judgment, Mr. Stephens filed a Motion and Order for Appeal.
|3The first issue raised by appellant on appeal is whether the trial court can hold a trial of a suit contesting a candidate’s qualifications for office later than the four days following the filing of the petition as required by La.R.S. 18:1409(A).
La.R.S. 18:1409(A) in pertinent part states as follows:
A. Actions objecting to candidacy or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed. If the defendant does not appear on the date set for the trial, either in person or through counsel, the court shall appoint an attorney at law to represent him by instanter appointment made prior to the commencement of the trial. In a case where a court appointment of an attorney to represent the defendant is made, the proceedings shall be conducted contradictorily against the court appointed attorney.... (emphasis added)
La.R.S. 18:1413 states as follows:
Computation of all time intervals in this Chapter shall include Sundays and other legal holidays. However, if the time interval ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval.
La.R.S. 18:1409(A) clearly mandates the trial court to set the ease for hearing within four days of the filing of the petition. However, the statute does not specify what sanction or remedy a party has for the failure of the trial court to set the matter timely.
In Scoggins v. Jones, 442 So.2d 1202 (La. App. 2 Cir.1983), writ denied 444 So.2d 113 and 623, the trial court dismissed plaintiffs suit for failure to have the case timely fixed for trial. The Second Circuit in reversing the trial court and remanding the matter to the trial court for further proceedings, stated as follows:
“It is our ruling that the fixing of matters for trial is clearly the responsibility of the trial judge. La.C.C.P. Arts. 191, 193, 194, 1571. In the absence of record evidence that plaintiff was involved in this fixing to the extent that he should be held responsible, and also in the absence of evidence of prejudice to defendants by the particular fixing, we do not conclude that plaintiff should be chargeable with the trial judge’s failure in this particular instance to comply with the Election Code”.
Lin the present case, we find Scoggins v. Jones, supra distinguishable for the following reasons. In the present case, plaintiff filed a Petition to Disqualify a Candidate pursuant to the Election Code. The pleadings did not contain any mention of the time limitations required by the Election Code. The order simply left blank the date for the trial judge to fix the hearing. A copy of the order was sent to plaintiffs counsel on July 18, 1996. This hearing was held on July 26, 1996, without the defendant candidate being present. At the conclusion of the hearing, without appointment of counsel for the defendant, the trial court rendered an oral ruling. The oral ruling was subsequently vacated on July 26, 1996, at which time the trial court reset the hearing for August 2,1996.
The motion to vacate was filed by plaintiffs counsel, not the counsel of the defendant. We presume at this point in time that plaintiffs counsel was aware of the errors which occurred at the first hearing in violation of La.R.S. 18:1409, including the failure of the trial court to set the hearing within the four day period mandated by the statute. The second hearing was again set beyond the four day period mandated by the statute.
The purpose of the deadlines established in the Election Code is to provide a mechanism to have election matters determined in an expeditious manner. It is important for the candidates and the electorate to have pre-election matters resolved as quickly as possible. The Legislature mandated that these proceedings be held within four days of the filing of the petition. This legislation would be meaningless if this court were to provide no sanctions for the failure of the trial court or a party to follow the guidelines mandated by the statute. In the present case, we find that the trial court was not solely responsible for fixing the matters outside of the time *85 period. The plaintiffs counsel should have been aware of the Election Code | procedure. We find that the plaintiff was involved in the fixing of at least the second hearing to the extent that he should be held responsible for the untimely fixing. Plaintiff filed the motion to vacate bringing to the judge’s attention the patent error of the first proceeding. We presume that plaintiff was also aware of the fact that the judge did not hold the first proceeding in a timely manner. He had to be aware prior to June 22, 1996, and certainly by and on June 22, 1996, the date the first hearing should have been set, that theré would be no hearing on that date, as prescribed by statute, yet the record is void of any action he took to comply. Further, even though, the second hearing would have been moot, as the delays had already expired, we note again no interest on the part of plaintiffs counsel to adhere to the law when he filed the motion to vacate and reset for a subsequent hearing as it too did not include that the hearing be set within the delays required by La.R.S. 18:1409, and plaintiffs counsel stood silently by while the trial court reset the hearing outside of the time period established by the Election Code. It is of no small import in our decision that plaintiff was the moving party, the party whose responsibility it was to carry this action forward and ultimately meet his burden of proof. The defendant bore no accountability as he did not even have notice of what was transpiring. Therefore, we conclude that the plaintiff should be chargeable with the failure in this particular instance to comply with the Election Code.
For the above reasons, we reverse the judgment of the district court and dismiss plaintiffs suit and further order the candidate’s name be placed back on the ballot.

REVERSED AND RENDERED.