869 So.2d 228 (2004)
The Reverend Deninah WEBB-GOODWIN
v.
Kimberly Williamson BUTLER, etc.
No. 2004-CA-0280.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 2004.
Reverend Deninah Webb-Goodwin, New Orleans, LA, in Proper Person, Plaintiff/Appellant.
Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., and MOON LANDRIEU Judge Pro Tempore.
CHARLES R. JONES, Judge.
This suit involves a question of the qualifications of a candidate for the office of Member, Louisiana Democratic State Central Committee, 100th Representative District, Office "A."[1] La. R.S. 24:35.5. The plaintiff/appellant, Deninah Webb-Goodwin (hereinafter, "Ms.Goodwin"), appeals[2] a judgment dated February 18, 2004, of the district court finding that the defendant/appellee, Crystal Walker-McCullom (hereinafter, "Ms.McCullom"), shall remain a candidate in the election scheduled for March 9, 2004.[3]
*229 On February 6, 2004, Ms. Goodwin timely filed her "Suit Objection to Candidacy" alleging that Ms. McCullom was a resident and domiciliary of the Parish of Jefferson residing at 207 Appletree Lane, Gretna, Louisiana, and not properly qualified as a candidate for the office of Member, Democratic State Central Committee, 100th Representative District, Office "A".[4] Further, she alleges that Ms. McCullom and her now ex-husband, purchased the Appletree Lane property in 1998, that Ms. McCullom was registered as a voter from that Appletree Lane address, and that her suit for divorce in June, 2002, alleged her domicile to be in Jefferson Parish. Pursuant to La. R.S. 18:1409, the district court set the trial of the matter for 10:00 a.m. on February 17, 2004. The district court signed the order setting the trial on February 12, 2004.[5] (We note that February 16, 2004 was a legal holiday, President's Day. La. R.S. 1:55 E.)
On the morning of February 17, 2004, Ms. Goodwin filed a Motion to Continue the trial asserting that she had been unable to serve subpoenas because the office of the Clerk of Court had been closed the preceding day (for the legal holiday). The district court denied the motion, noting that given the statutory time delay for holding a trial was four days, and the district court was required to render a decision within twenty-four hours from the close of evidence. Further, the district court held the record open until 5:00 p.m. on February 17, 2004, in order for Ms. Goodwin to supplement the record with additional evidence. However, Ms. Goodwin did not supplement the record with filings until 5:40 p.m. on February 18, 2004, and again on February 19, 2004; this Court, on appeal, cannot consider those untimely-filed documents.
At trial, only Ms. McCullom testified. She indicated that she co-owned the home at 207 Appletree Lane with her ex-husband, and that a homestead exemption was on file in Jefferson Parish for at least the year 2002. She testified that she was a registered voter in Orleans Parish from the address of 4700 Dodt Avenue, New Orleans, Louisiana[6], and that at the time of filing her Petition for Divorce she was domiciled in Jefferson Parish. She denied being a registered voter in Jefferson Parish. She acknowledged having a toll tag for the Mississippi River Bridge attached to a white Ford Expedition SUV that she drives, testifying that the vehicle was part of the community assets with her *230 husband and registered in his name. Ms. McCullom explained that she travels in the morning across the bridge to the Orleans Parish School Board office at 3510 General DeGaulle Drive, where she is a contract worker, to drop off work. She further testified that from there, she travels to the office of the Orleans Parish District Attorney, where she is employed as a full-time administrative assistant. Her son attends a private school on Dorgenois Street in New Orleans.[7]
The district court then asked Ms. Goodwin if she had anything else she wished "to state for the record." Ms. Goodwin stated that Ms. McCullom did own a home in Jefferson Parish and that Ms. McCullom was not shown as an owner or co-owner of a dwelling at 4700 Dodt Avenue. Further, Ms. Goodwin said that she would provide a title for 4700 Dodt Avenue, that Ms. McCullom had never filed for a homestead exemption in Orleans Parish, and that 4700 Dodt Avenue is not in Representative District 100. She stated that she had a "copy of her [Ms. McCullom's] toll tag where we can prove activity on a daily basis coming from Jefferson Parish within the hours of 7:15 in the morning to 9:00." Ms. McCullom also stated that the human resource record of the Orleans Parish District Attorney's office showed that Ms. McCullom stated her primary residence to be on Appletree Lane and that the last time that Ms. McCullom voted in Jefferson Parish was in November 2003. Ms. Goodwin finally requested twenty-four hours to provide the district court with her telephone bill, water bill, "Office of Public Works, human resources [, and] the Jefferson Parish Registrar of Voters Form." She also said that Ms. McCullom's divorce petition was filed in Jefferson Parish. The record on appeal does not reflect that Ms. Goodwin was ever sworn and her statements are not properly considered as evidence. La. C.C.P. art. 1633.
The district court then questioned Ms. McCullom. The judge's questioning confirmed that Ms. McCullom was divorced from her husband, Gary McCullom, but that the community property had not been divided, that at the time of her divorce she was domiciled in Jefferson Parish, that before moving to 207 Appletree Lane she lived on West Pond in Gonzales, Louisiana, and that "[d]uring my divorce and really [sic] my domicile is for 38 years has been with my mother and my father [at 4700 Dodt Avenue]." Ms. McCullom stated that she lived on Dodt Avenue with her son, father, mother, and aunt. She further stated that she used the 4700 Dodt Avenue address on the qualifying papers that she filed in order to qualify for the office of Member, the Democratic State Central Committee.
The record on appeal contains an "EXHIBIT LIST" clocked with the Clerk of the Civil District Court at 5:40 p.m. on February 18, 2004. The documents listed and attached to the list include a copy of Ms. McCullom's divorce petition filed on June 27, 2002; a facsimile transmittal sheet dated "2-18-04" from the Clerk of the 24th Judicial District Court for the Parish of Jefferson indicating a 5 page transmittal that includes the transmittal sheet; an e-mail transmittal from Larry Preston Williams & Associates, Ltd., Detectives and Security Consultants, dated February 8, 2004, relating to seven subpoenas and a second e-mail from the same *231 entity dated February 16, 2004, advising that because of the holiday additional time to serve the subpoenas was needed and that Ms. Goodwin should file a motion for a continuance; and copies of subpoenas duces tecum to the Orleans Registrar of Voters to produce Ms. McCullom's voter registration documents and to Ms. McCullom to produce the following: "1. Copy of Application Form [;] 2. W-2's for 2002, 2001[;] 3. Copy of Driver's Liscense (sic) [; and] 4. Credit Card Bills, Utility Bills, Cell Phone Bills." These subpoenas duces tecum call for the production of the documents on February 18, 2004, at Civil District Court.[8]
The district court rendered judgment on February 18, 2004, although it failed to note the time of day that the judgment was rendered as required by La. R.S. 18:1409 C. The district court judge did note however, that as of noon on February 18, 2004, the documents that Ms. Goodwin was given time to produce had not been submitted. In the Reasons for Judgment refusing to remove Ms. McCullom as a candidate, the district court found that Ms. Goodwin had not met her burden of proof as mandated by La. R.S. 18:492. Further, the court noted that the plaintiff had pointed to no statute that required that a candidate for the Democratic State Central Committee be domiciled in the representative district from which the candidate sought election.[9] This timely appeal followed.
Both Sections 443 and 443.2 of Title 18 of the Louisiana Revised Statutes require that a member of a state central committee of a recognized political party shall meet the qualifications established by the rules and regulations of the state central committee of that recognized party, and that the rules and regulations establishing or changing the qualifications for membership on the state central committee shall be filed with the secretary of state within ten days after their adoption and published by the state central committee in the Louisiana Register. La. R.S. 18:443 A and E; La. R.S. 18:443.2(1) and (5). In the section "POTPOURRI"[10] of the Louisiana Register appears Resolutions 1 and 2 of the Democratic State Central Committee of Louisiana's Executive Committee, which in pertinent part read as follows:
RESOLUTION NO. 1
* * *
ARTICLE ONE
(Democratic State Central Committee of Louisiana)
Section 2.Membership

* * *
(c) Any registered Democrat may seek membership on the Democratic State Central Committee.
* * *
RESOLUTION NO. 2
* * *
ARTICLE VIIElection

*232 Any registered Democrat residing in the district in which he or she seeks election shall be eligible for election to membership on the Democratic State Central Committee or a Parish Democratic Central Committee.... Such candidates shall be elected pursuant to state law. (Emphasis added)
Thus, as a matter of state law and the rules and regulations of the Louisiana Democratic party, the only qualifications for a member of the Democratic State Central Committee are being a registered Democrat and residing in the district from which the person seeks election. Although a person can have but one domicile, a person can have multiple residences. That is, domicile and residence are not synonymous terms; a person can have several residences but only one domicile. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238, 242 (1965); Butler v. Cantrell, 630 So.2d 852, 855 (La.App. 4 Cir.1993); Reeves v. Johnson, 36,837, p. 2 (La.App. 2 Cir. 9/11/02), 824 So.2d 1277, 1279.
The sole issue on appeal is whether Ms. McCullom is qualified to seek election to the Democratic Central Committee from district 100. In seeking to qualify, Ms. McCullom states in her notice of candidacy, that her domicile address is 4700 Dodt Street, New Orleans. However, the website for the Secretary of State indicates that 4700 Dodt Street is actually in District 101. Thus, by her own qualifying documents, Ms. McCullom admits that she is domiciled outside of District 100. For this reason, the district court committed manifest error, or was clearly wrong, in not granting petitioner relief.

Decree
Thus, for the reasons herein stated, we reverse the judgment of the district court and find that Crystal Walker-McCullom is not a qualified candidate for the office of Member, Louisiana Democratic State Central Committee, 100th Representative District, Office "A". It is further ordered that Secretary of State, Fox McKeithen, strike from the ballot, for the election of March 9, 2004, the candidacy of Crystal Walker-McCullom.
REVERSED.
TOBIAS, J., CONCURS IN PART AND DISSENTS IN PART.
TOBIAS, J., concurs in part and dissents in part.
I respectfully concur in part and dissent in part.
I concur with the majority that the address of 4700 Dodt Avenue, New Orleans, Louisiana, is currently and was following the 1990 reapportionment of the Louisiana Legislature in the 101st Representative District. But I note that the wards and precincts contained within the 100th and 101st Representative Districts changed as a result of reapportionment following the 2000 U.S. census. See La. R.S. 24:35.4 and 24:35.5. What is unclear is whether the provisions of La. Const. Art. III, § 4, that permits a person to qualify in either representative district for the office of state representative for the first election following reapportionment also applies to the office of member of a state central committee given the distinction between domicile (as used in Article III, § 4) from residence (as applies to a state central committee). I also concur in the implicit holding that the defendant/appellee, Crystal Walker McCullom, qualified for the office of Member of the Democratic State Central Committee, 100th Representative District, Office "A." I also think that as a matter of common sense and the law as I understood it before the Supreme Court of Louisiana's recent opinion in Becker v. Dean, 03-2493 (La. 9/18/03), 854 So.2d 864, the result *233 reached by the majority is correct. I ponder whether one should not view Becker as an "orphan" case limited to its unusual set of facts, both proven and historical.
I regretfully dissent in part, however, because the record on appeal, as well as the documents that the plaintiff/appellant, Deninah Webb-Goodwin, untimely submitted to the trial court and which the trial court did not have before it when it rendered its decision on 18 February 2004, and the documents with which the plaintiff/appellant has sought to supplement the record on appeal in this court, which were not considered by the trial court, are not properly considered by this court. We cannot consider the untimely-filed documents and the documents that the trial court did not view. Ventura v. Rubio, XXXX-XXXX, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885. On its own motion and without offering notice to the parties, this court has supplemented the record on appeal by obtaining a certified copy of Ms. McCullom's notice of candidacy filed with the Clerk of Criminal District Court; the document was not furnished by a party. I concede that Ms. McCullom did testify that her notice of candidacy showed the Dodt Avenue address. (I note, however, that the notice of candidacy does in fact show that the defendant/appellee lists 4700 Dodt Avenue as her domicile address, an address not currently in the 100th Representative District.)
Becker v. Dean, supra, makes it clear that the burden of proof is on the plaintiff, here Ms. Webb-Goodwin, to prove that the candidate's residence is not in the district from which the candidate seeks election. No evidence in the record on appeal as it came to this court establishes that Ms. McCullom does not maintain a residence in the 100th Representative District. The plaintiff's questions of Ms. McCullom at trial were directed to whether Ms. McCullom owned a home in the 100th Representative District that she claimed as a domicile or residence. Ms. McCullom was never asked if she had a residence, as distinguished from domicile, in the 100th Representative District, The record, including the untimely-submitted documents submitted by Ms. Webb-Goodwin, does not have a copy of the qualification papers of Ms. McCullom. This court cannot take judicial notice of Ms. McCullom's qualification papers under La. C.E. arts. 201 or 202.
Resolutions 1 and 2 of the Democratic State Central Committee of Louisiana's Executive Committee in pertinent part read as follows:
RESOLUTION NO. 1
* * *
ARTICLE ONE
(Democratic State Central Committee of Louisiana)
Section 2.Membership
* * *
(c) Any registered Democrat may seek membership on the Democratic State Central Committee.
* * *
RESOLUTION NO. 2
* * *
ARTICLE VIIElection
Any registered Democrat residing in the district in which he or she seeks election shall be eligible for election to membership on the Democratic State Central Committee or a Parish Democratic Central Committee... Such candidates shall be elected pursuant to state law.
As a matter of state law and the rules and regulations of the Louisiana Democratic party, the only qualifications for a *234 member of the Democratic State Central Committee are (1) being a registered Democrat and (2) residing in the district from which the person seeks election. Neither the law, rules, nor regulations, as far as this court can ascertain, require that a candidate be domiciled in the district from which he or she seeks election, and there is no stated length of time for one to be s resident. Additionally, the regulations are silent respecting the applicability of Art. III, § 4, of the Louisiana Constitution. I note that the regulation does not require that the person be registered to vote in the district from which he or she seeks election.
This court has no proper evidence before it that Ms. McCullom is not or was not a resident of 100th Representative District at the time she qualified for Office "A." Ms. McCullom was never specifically asked nor did she ever deny that she had a residence in the 100th Representative District at the time she qualified for office.
As this court recently stated in Cavignac v. Bayham, 04-0260, p. 2 (La.App. 4 Cir. 2/17/04), 869 So.2d 159, 160-61, 2004 WL 389430:
The interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate the widest possible choice of candidates. Becker v. Dean, 03-2493, p. 7 (La. 9/18/03), 854 So.2d 864, 869. In an election contest, the person opposing candidacy bears the burden of proving the candidate is disqualified. Id. The laws governing elections must be liberally construed so as to promote rather than defeat candidacy. Id. Any doubt as to qualifications of a candidate should be resolved in favor of allowing the candidate to run for office. Id. A person can have several residences. Id., p. 10, 854 So.2d at 871.
The conclusion reached by the trial court is technically neither manifestly erroneous nor clearly wrong on the issue of whether Ms. McCullom should be disqualified to run in the 100th Representative District, although the trial court was wrong when it referred to the office being sought as that for Office "A."
NOTES
[1] In the pleadings filed in the district court, the parties and the district judge occasionally refer to the office as "Office `B'." In fact, both parties are qualified for "Office `A'" as per the records of the Louisiana Secretary of State. Similarly, the judgment of the district court reflects the clerical error that the parties are qualified for "Office `B'." We note the error and correct same by our decree to reflect that the contest is for Office "A." La. C.C.P. art. 2164; see also La. C.C.P. art. 5054.
[2] The motion and order for appeal were respectively filed and signed on February 19, 2004.
[3] We spell Ms. McCullom's name as she spelled it on her notice of candidacy form.
[4] Although Ms. Goodwin listed the Clerk of Criminal District Court and the Louisiana Secretary of State as additional parties defendant, their participation in this suit is irrelevant because the present suit is not over the results of an election. In that regard, the secretary of state filed an exception of no cause of action, which the trial court orally sustained at the merits trial; that ruling is commemorated in the February 18, 2004 judgment and the judgment further dismisses the Clerk of the Criminal District Court based upon oral motion adopting the secretary of state's exception of no cause of action.
[5] The record is silent as to why the order setting the trial was not signed earlier than February 12, 2004. It is unexplained in the record. We noted that La. R.S. 18:1409 A(1) requires that "The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed." The delay in obtaining the order setting the trial is properly charged against the plaintiff. Mayeux v. Stephens, 96-1101, pp. 4-5 (La.App. 3 Cir. 8/7/96), 678 So.2d 82, 84-85; cf., Scoggins v. Jones, 442 So.2d 1202 (La.App. 2 Cir.1983). Neither party addresses this issue on appeal.
[6] We take judicial notice pursuant to La. C.E. art. 202 that 4700 Dodt Avenue is currently located in the 101st Representative District following the 2000 census and was located in the 101st Representative District following the 1990 census. See La. R.S. 24:35.5; La. R.S. 35.4; New Orleans Ord. M.C.S. § 58-36.
[7] We take judicial notice of the fact that Dorgenois Street (both North and South) is on the east bank of the Mississippi River in Orleans Parish, that 3510 General DeGaulle Drive is on the west bank of the Mississippi River in Orleans Parish, and that toll tags register crossings over the Mississippi River Bridge for vehicles traveling west to east. La. C.E. art. 201.
[8] A third subpoena duces tecum directed to Mr. Dennis DiMarco, 5001 West Bank Expressway, Marrero, Louisiana 70072 is also attached requesting production of unnamed documents at Civil District Court by 5:00 p.m. on February 18, 2004. The purpose of this subpoena duces tecum is unexplained and unclear.
[9] It is duly noted that on February 23, 2004, at the conclusion of oral argument, this matter was

marked as submitted to this Court at 10:50 a.m.
[10] Perhaps the better word is "Miscellany."