990 So.2d 1289 (2008)
Thomas A. ROBICHAUX
v.
Grayling SHIELDS and Arthur Morrell, in his Official capacity as Clerk of Criminal District Court.
No. 2008-CA-0960.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 2008.
*1290 Leroy A. Hartley, Leroy A. Hartley & Associates, New Orleans, LA, for Plaintiff/Appellant, Thomas A. Robichaux.
Thomas A. Robichaux, New Orleans, LA, In Proper Person, Plaintiff/Appellant.
Sandra Cabrina Jenkins, New Orleans, LA, for Defendant/Appellee, Grayling Shields.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge TERRI F. LOVE).

ON REMAND FROM THE LOUISIANA SUPREME COURT
JOAN BERNARD ARMSTRONG, Chief Judge.
We are reconsidering this matter pursuant to the July 31, 2008 remand order of the Louisiana Supreme Court wherein we were ordered to order the supplementation of the record on appeal with all of the evidence received by the trial court, which was not transmitted to this Court when we rendered our July 25, 2008 decision, particularly plaintiff's exhibits numbers 2 and 3. We were further ordered to reconsider our previous decision of July 25, 2008, expeditiously in view of those exhibits. 2008-C-1681 (La.7/31/08).
We note that plaintiff's exhibit #2 is certified by the Secretary of State and shows the wards and precincts of School Board District 7, the district contested in this litigation. Ward 9, Precinct 10 is not among the wards and precincts shown on this exhibit as being in School Board District 7.
Plaintiff's exhibit #3 was also received into evidence by the trial court. It shows that among the street addresses encompassed by Ward 9, Precinct 10 (which is not in School Board District 7) are those addresses falling within 1100 to 1898 Poland Avenue. The defendant's admitted address of 1442 Poland Avenue falls squarely within this range, i.e., the defendant's address falls into Ward 9, Precinct 10 which is not in School Board District 7. While the defendant may have testified that he lived in Ward 9, Precinct 11, which is part of District 7, "where documents or *1291 objective evidence so contradicts the witness' story ... that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination." Stobart v. State, 617 So.2d 880, 882 (La.1993). Additionally, this court may also take judicial notice of the location of an address in an election suit. Webb-Goodwin v. Butler, 04-0280, p. 3 (La.App. 4 Cir. 2/23/04), 869 So.2d 228, 230, fn. 6 & 7. Accordingly, we find that the defendant is not a qualified candidate for School Board District 7.
Therefore, we vacate the previous judgment of this Court, reverse the judgment of the trial court, and render judgment in favor of the plaintiff, Thomas A. Robichaux, and against the defendant Grayling Fields, disqualifying the candidacy of the defendant to run for School Board District 7.
JUDGMENT OF JULY 25, 2008 VACATED; TRIAL COURT JUDGMENT REVERSED; JUDGMENT RENDERED DISQUALIFYING DEFENDANT.