445 So.2d 785 (1984)
Dennis FOLEY, Plaintiff-Appellee,
v.
Porter G. DOWLING, et al., Defendant-Appellant.
No. 16343-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1984.
Gamble & Sledge by Jack E. Gamble, Jr., and Claude R. Sledge, Mansfield, for defendant-appellant.
*786 Dennis Foley, in pro. per.
Before PRICE, HALL, MARVIN, JASPER E. JONES and SEXTON, JJ.
HALL, Judge.
Plaintiff, Dennis Foley, a resident of the Town of Logansport in DeSoto Parish, brought this action objecting to the candidacy of defendant, Porter G. Dowling, for election to office of alderman of the town. As grounds for the objection to candidacy, plaintiff alleged that defendant does not meet the qualifications for the office he seeks because he lives outside the corporate limits of the town and is not a qualified elector of the municipality as required by LSA-R.S. 33:384 and 385.[1]
In response, defendant conceded that he does not live within the corporate limits of the Town of Logansport and was not a qualified elector thereof at the time he qualified as a candidate. Defendant contended, however, that under the second sentence of LSA-R.S. 18:451[2], the elector or residence status requirement is to be determined as of the date the candidate qualifies for office by taking the oath of office and posting bond as provided by LSA-R.S. 42:141, and that the property on which he lives which is adjacent to but outside of the Town of Logansport will be annexed into the corporate limits of the town before the date the office is to be assumed. Defendant filed into evidence an affidavit of five members of the Board of Alderman declaring that they supported the annexation which was to be voted on at a meeting scheduled for February 20, 1984, three days following the trial of this matter.
After trial, the district court, in excellent reasons for judgment, held that the defendant does not meet the qualifications of the office he seeks. From a judgment disqualifying the defendant as a candidate for the office of alderman and ordering that his name be deleted and stricken from the ballot, the defendant appealed. We affirm the judgment of the district court.
Defendant's contention that "the time he qualifies for that office" in the second sentence of LSA-R.S. 18:451 means the time of taking the oath of office after election, not the time of qualifying as a candidate for office, was expressly considered and rejected in Montelepre v. Edwards, 359 So.2d 1311 (La.App. 4th Cir. 1978), writ denied 359 So.2d 620 (La.1978), and in Cook v. Campbell, 360 So.2d 1193 (La.App. 2d Cir.1978), writ denied 362 So.2d 573 (La.1978). Both cases expressly hold that the term "qualifies" as used in the statute means qualifies as a candidate for office. Consequently, a candidate shall possess the qualifications for the office he seeks at the time he qualifies as a candidate for that office, except as otherwise provided by law. The law does not provide otherwise in regard to the qualifications for the office of alderman or candidacy for that office. In this respect, the instant case is distinguishable from Cook v. Campbell in which the court held that in the case of the five-year law practice qualification requirement for the office of district judge, Louisiana Constitution Art. 5, § 24 provides otherwise in that a judge is required to have been admitted to the practice of law in this state for at least five years "prior to his election." No such provision at variance with the election code is contained in LSA-R.S. 33:384 and 385 establishing the qualifications for alderman, or in any other statute or constitutional provision to which our attention has been called.
*787 Defendant relies heavily on Montelepre v. Edwards, supra, in which the court, although holding that a candidate must meet the qualifications for the office at the time he qualifies as a candidate, held that if it can be determined on the date the candidate qualifies as such that he will meet the qualification at the time he assumes office then the person may validly qualify as a candidate. The Montelepre case involved a candidate for municipal court of the City of New Orleans. LSA-R.S. 13:2492(A) provides that a judge of that court shall not be less than 30 years of age. The candidate was 29 years old at the time he qualified and would have become 30 years old before assuming office, if elected. The court held that it could be determined on the date the candidate qualified that he would meet the requirement for assumption of the office on or before the date the office was to be assumed.
The instant case is distinguishable from the Montelepre case because it cannot be determined with any degree of legal or factual certainty, as of the date defendant qualified as a candidate for alderman, that he will be an elector or resident of the municipality at the time he would assume office, if elected. Although it was established that five of the town alderman intended to support an annexation ordinance, this evidence falls far short of establishing with any degree of certainty that the ordinance would, in fact, be validly adopted by the Board of Aldermen and would go into effect, without contest, before the date the newly-elected aldermen of the town would assume their offices. See LSA-R.S. 33:171, et seq.
Accordingly, the defendant does not meet the qualifications of the office which he seeks and the judgment disqualifying him as a candidate is correct and is affirmed.
Affirmed.
NOTES
[1] LSA-R.S. 33:384:

"The mayor shall be a qualified elector of the municipality, and he must have been a resident of the parish for two years."
LSA-R.S. 33:385:
"The qualifications of the alderman shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards ...."
[2] LSA-R.S. 18:451:

"A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office."