661 So.2d 1320 (1995)
Joseph W. PATTAN, III
v.
Wilson FIELDS.
No. 95-C-2375.
Supreme Court of Louisiana.
September 28, 1995.
Order Denying Rehearing October 2, 1995.
PER CURIAM.[*]
Granted. The judgment of the court of appeal is reversed.
The record indicates that Mr. Fields was a student at Southern University in 1989 when he was 17 years old. In 1988, his family moved to 6539 Mickens Road, Baton Rouge, Louisiana which is located in the 15th Senatorial District. In 1989, while a student at Southern University, Fields secured an apartment in the 14th Senatorial District at 5665 McClelland Drive in Baton Rouge. Fields continued to lease the McClelland Drive apartment during his undergraduate and law school studies at Southern University. In May 1994, Fields graduated from the Law Center. During his continued preparation for the Louisiana State Bar Exam, Fields maintained his McClelland Drive apartment. Fields successfully completed the bar exam in July, 1995. At trial, the evidence established that Field's driver's license, and his vehicle were registered at the Mickens Road address. Further, school records and student loan information indicated the Mickens Road address as his permanent address and the McClelland Drive address as his local address. The fact that Fields, while a student at Southern, changed his voter registration from Mickens Road to McClelland Drive is not determinative, in and of itself, of his intent to change domiciles. Nor does his election to the Metro Council in 1992, which encompasses geographical areas located in both the 14th and 15th Senatorial District, evidence a change of domicile.
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492. The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *1321 Dixon v. Hughes, 587 So.2d 679 (La.1991). The burden of proof rests upon the party contesting the candidacy to show a lack of domicile. For these reasons, we conclude that the lower courts committed legal error by finding that plaintiff met his burden of proving that the defendant was not actually domiciled within Senatorial District 15 one year prior to qualifying for candidacy.
REVERSED; CANDIDACY REINSTATED.
CALOGERO, C.J., and MARCUS and LEMMON, JJ., would grant and docket the case for oral argument.

ORDER DENYING REHEARING
Rehearing denied.
CALOGERO, C.J., votes to grant and docket and assigns the following reasons.
I vote to grant and docket this case for oral argument. I write separately to state the reasons for my vote on the original application. I desisted from joining the majority's summary disposition in favor of relator, not because I necessarily disagreed; but, rather, because I believed that the challengers (to respondent's candidacy), who were successful in the district court and court of appeal, should have been afforded a chance to brief and argue their case in this Court. Therefore, I would vote to grant and docket this case for oral argument.
MARCUS and LEMMON, JJ., would grant and docket.
KIMBALL, J., not on panel.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.