869 So.2d 159 (2004)
George R. CAVIGNAC
v.
Michael R. BAYHAM, Jr., Individually; and in his Capacity as Candidate for Republican State Central Committee 103-B.
No. 2004-CA-0260.
Court of Appeal of Louisiana, Fourth Circuit.
February 17, 2004.
*160 Sharon M. Williams, Chalmette, LA, for Plaintiff/Appellant.
Wayne B. Mumphrey, J. Wayne Mumphrey, Mumphrey Law Firm L.L.C., Chalmette, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge JAMES F. McKAY, Judge MAX N. TOBIAS JR. and Judge LEON A. CANNIZZARO, JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
Plaintiff-appellant, George Cavignac, appeals a judgment declaring the defendant-appellee, Michael R. Bayham, Jr., to be a qualified candidate for the office of Republican State Central Committee, District 103(B). We affirm.
The plaintiff contested Mr. Bayham's candidacy alleging that he fails to meet the qualifications for the office of member of the Louisiana Republican State Central Committee because he was not a resident registered Republican voter of District 103-B for the six months immediately preceding the date on which he attempted to qualify.
Mr. Bayham gave his address as 212 W. St. Jean the Baptiste Street in Chalmette on his qualifying papers. The trial court found that Mr. Bayham has maintained a residence at that address since at least December 1992 and that he has been a registered voter for nine years where the residence is located.
Mr. Bayham does not dispute the fact that on August 21, 2003, he filed a Notice of Candidacy for State Representative for District 104, listing 212 W. St. Jean the Baptiste Street address as his residence. On August 30, 2003, defendant filed a change of address with the Registrar of Voters designating 3325 Golden Drive in Chalmette as his residence for the purpose of voting for himself in the State Representative election held on October 4, 2003. On December 29, 2003, Mr. Bayham filed another change of address form changing his voting address back to his residence on W. St. Jean the Baptiste Street in District 103.
The interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate *161 the widest possible choice of candidates. Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869. In an election contest, the person opposing candidacy bears the burden of proving the candidate is disqualified. Id. The laws governing elections must be liberally construed so as to promote rather than defeat candidacy. Id. Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for office. Id. A person can have several residences. Id., p. 10, 854 So.2d at 871.
Concerning residency, Mr. Bayham testified that he did not give up his residence at 212 W. St. Jean the Baptiste St. when he acquired the residence on Golden Drive. The trial court was entitled to believe his testimony in this regard and we find no manifest error in that finding.
The real crux of this case is whether Mr. Bayham meets the requirement of being a "registered Republican voter of the District from which he or she is a candidate for at least six months prior to election day.[1]"
It is undisputed that Mr. Bayham must meet the qualification requirements set forth in Article III, Section 1 of the Amended and Restated Bylaws for the State Committee for the Republican Party of Louisiana which states in pertinent part:
Section 1. To qualify to be elected as a Member, a candidate must: Be a resident and a registered Republican voter of the District from which he or she is a candidate for at least six months prior to election day. [Emphasis added.]
It is significant that this section of the Republican Bylaws does not contain either the word "actually" in conjunction with the term "resided" or the word "immediately" in conjunction with the phrase "prior to election day."
Part of the qualifications for councilman-at-large in Becker were that:
(e) All council members shall have been legally domiciled and shall have actually resided in St. Bernard Parish for at least two (2) years immediately preceding the time established by law for qualifying for office. [Emphasis added.]
Concerning judicial candidates, La. Const. Art. V, § 24 requires candidates to be domiciliaries of the district in which they run for "the[2] two years preceding election." There is no such specific defining term as "the" in the Republican Party Bylaws designating unambiguously exactly which years are required.
La. Const. Art III, § 4(A) concerning the qualifications for the state legislature also employs the specific defining term "the" in designating the year or years of residence and domicile required prior to candidacy.
Mr. Bayham testified that he had been a registered Republican voter for nine years prior to his qualification for the office in contention in the instant appeal. The plaintiff does not contest that assertion. The plaintiff contests the fact that the nine years did not include a period of at least six continuous and uninterrupted months immediately preceding the time Mr. Bayham qualified. The plaintiff employs the phrase "immediately preceding" in both his petition and in his brief, but neither the word "immediately" or any equivalent modifier such as "the" is anywhere to be found in the Republican Bylaws. Therefore, we agree with the trial judge that we should read the Republican Bylaws in a manner that construes them liberally in favor of allowing candidacy. In doing so, we also agree with the trial judge that in the absence of language clearly designating *162 that the six months referred to in the Republican Bylaws specifically be the continuous six-month period immediately preceding that time of election, such as language quoted earlier from the Becker case as well as La. Const. Art V, § 24 and Art. III § 4(A), we should not read such limiting terms into the Republican Bylaws. Accordingly, we find that the nine-year period of Republican voter registration testified to by Mr. Bayham, while not including an uninterrupted six-month period immediately prior to the election, is sufficient to meet the requirements expressed in the very general and imprecise language of the Republican Bylaws.
In response to the reductio ad absurdam or "parade of horribles" argument made by the plaintiff to the effect that this will result in opening a floodgate to a torrent of dubiously qualified candidates, we note that this is most unlikely in view of the unique facts of this case and the fact that the Republican Party is free to amend its Bylaws in the event that it feels that the result reached by this Court today is not consistent with what was intended by the Bylaws.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
NOTES
[1] Emphasis added.
[2] Emphasis added.