I,KUHN, J.,
concurring.
I concur to amplify a proposition established in the jurisprudence, i.e., the applicable legislation should be liberally interpreted to favor and promote candidacy.
The legal positions assumed by the parties in this appeal allow both sides to rely on statutes addressing the subject of qualifications for, or challenges to qualifications for, the office of Slidell City Court Judge. While the Election Code provides for challenging the qualifications of a candidate, it does not specifically address the qualifications of a judge of the Slidell City Court. *1233 Conversely, La. R.S. 13:2487.2, in establishing the office, states in pertinent part that “[t]he city judge must be licensed to practice law in [the state] for at least five years previous to his election .... ”
While one may argue, with some persuasion, that one statute or another should be used to determine the issue in this case, well-established jurisprudence resolves the ultimate issue of whether the candidate possesses the relevant qualification for office. In Pattan v. Fields, 95-2375 (La.9/28/95), 661 So.2d 1320, the Supreme Court reinstated the candidacy of a candidate for election to the state senate and set forth the following pertinent principles of law:
The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any Indoubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office.
These legal principals are sufficient to decide this case. The candidacy of these two office seekers should be allowed.