|.CALOGERO, Chief Justice,
dissents and assigns reasons.
I disagree with the majority’s summarily granting this writ, reversing the two lower courts, and disqualifying the two defendant candidates to Slidell City Court without oral argument and without rendering an authored majority opinion, especially with a per curiam adopting the statutory analysis of the dissenting judge in the court of appeal, which is at the least, in my view, legally suspect.
That dissent in the court of appeal relies on language in La.Rev.Stat. 18:492(A) to suggest that the qualifications for the office are those extant at the time of the primary election, rather than at the time of the general election. Yet, the language of the statute referring to “the primary election” does not seem to allude to “qualifications” but simply to the office being sought, i.e., “in the primary election.” Further, the majority’s per curiam, as did the dissent in the court of appeal, attempts to distinguish an earlier case, Cook v. Campbell, 360 So.2d 1193 (La.App. 2nd Cir.), unit denied, 362 So.2d 573 (La.1978), wherein this court denied writs and let stand an interpretation supportive of the two defendant candidates in this case.
I would at the least grant and docket the case for further study, or in the alternative, deny this writ application, especially considering that laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. See Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048; Pattan v. Fields, 95-2375 (La.9/28/95), 661 So.2d 1320.