904 So.2d 751 (2005)
Dana Rose AUGILLARD and Alvin J. Boudreaux
v.
Shawn Marcell BARNEY and Kimberly Williamson Butler, Clerk of Criminal Court of Orleans Parish.
No. 05-CA-466.
Court of Appeal of Louisiana, Fifth Circuit.
May 4, 2005.
Writ Denied May 9, 2005.
Wiley J. Beevers, Raylyn R. Beevers, Steven M. Mauterer, Gretna, Louisiana, for Plaintiff/Appellee.
Ernest L. Jones, Lolis Edward Elie, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, JAMES L. CANNELLA, THOMAS F. DALEY, MARION F. EDWARDS, SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Shawn Marcell Barney from a judgment disqualifying him from being a candidate for the 3rd Senatorial District of the Louisiana Legislature. For the following reasons we affirm that judgment.
The facts are not seriously disputed. Barney grew up in his parents' house at 11900 Morrison Road in New Orleans. He went to Howard University from which he graduated in the mid-1990's, and then spent several years moving about the country. In late 2001 he decided to return to New Orleans and start a business with old friends. He originally moved in with his parents on Morrison Road, and used *752 their address on his driver's license and automobile registration. He also received his mail there.
After a year or so he decided to get his own apartment. In May of 2003 he signed a lease for one half of a double at 4490 DeMontluzin Street, also in New Orleans. His landlady testified that although the original lease had expired the rental had continued on a month to month basis, and he was still paying the rent. She also testified that he called on her for repairs from time to time and that she had seen him on the premises.
The tenant in the other half of the house testified that she and Barney left for work in the mornings at about the same time and she saw him getting in his car and leaving several times a week. She noted that she had occasionally argued with him about his using her hose to wash his car on weekends.
Barney's roommate and business partner testified that they had been friends since childhood. He also said that he needed a place to live immediately in May of 2003, and that he arranged for the utilities in his name as soon as Barney signed the lease. He also testified that Barney did not move in until June of 2003 because he had to get his furniture and other major belongings out of storage.
Barney's mother testified that her son had returned to New Orleans shortly after 9/11 and had lived with her and his father for awhile. He then moved out in the summer of 2003 and had not returned to live with them since. She testified further that he had taken all of his clothes with him, except for some old teenage things, and that he had no furniture at her house. She said that he received some mail at her house which he either picked up or she brought to him on DeMontluzin Street. She said that she saw her son several times a week. It was stipulated that if Barney's father were to testify his testimony would be similar to his wife's.
Barney testified that when he returned to New Orleans he moved in with his parents and because he was in fact then living there he used that address on his driver's license and vehicle registration. After a while he decided to get his own place and so rented the DeMontluzin property which he shared with his childhood friend and current business partner. He said that he continued to vote at the precinct of his parents' house because that is where he first registered to vote and where he had always voted. As for his license and registration, he said that he simply never thought to change these over. He said that all of his furniture and current clothing were at the apartment and that he considered the apartment to be his domicile because in his opinion that is in fact where he actually lives.
On the above evidence the trial judge determined that although Barney does indeed have a residence at the DeMontluzin address, his domicile is still at his parents' house on Morrison Road. In support of this decision the judge listed the following items: voter registration, vehicle registration, driver's license, U.S. mail including bank statements, credit card statements, alumni materials and church mail, and finally his U.S. passport. He emphasized that Barney had mistakenly represented on his candidacy form that he voted in the senatorial district for which he was qualifying, when in fact he did not. He further emphasized that if Barney were on the ballot he could not vote for himself because he had changed his voter registration to the DeMontluzin Street address on April 28, 2005, less than thirty days prior to the May 21, 2005, election.
Barney now appeals. Before turning to the legal principles governing this dispute, *753 we first point out that there are several problems in the trial judge's listing of the factors bearing on the domicile question. First, there was no evidence that Barney receives credit card statements at Morrison Road. The only evidence on this point was his testimony that he received "credit card solicitations" there, a quite different thing. Second, it is not at all clear what the relevance of alumni and church mail is because there are no legal consequences even remotely attached to such mailings. Finally, U.S. passports do not state the address of the bearer, but only the issuing office. There is a space for the bearer to enter his own address and he is instructed to do so in pencil, but whatever appears there is of no legal consequence. It must also be noted that the references to Barney's living in different places between his graduation and his return to New Orleans in late 2001 or early 2002, are completely irrelevant to the present inquiry. Thus, the pertinent facts established at trial were the following. The Morrison Road address is outside the district at issue here, and the DeMontluzin address is within it. Barney resided at the Morrison Road address from the time he returned to New Orleans until June of 2003, when he established a residence at the DeMontluzin address. His driver's license and vehicle registration are at the Morrison Road address, and he also receives one of his two bank statements there. He was a longtime registered voter at the Morrison Road address until April 28, 2005, when he changed his registration to the DeMontluzin Street address. On his application for candidacy he incorrectly stated that he voted in the district at issue here, rather than in the district of the Morrison Road address where he was in fact registered.
The law concerning residence and domicile for purposes of candidacy are set forth in the recent case of Landiak v. Richmond, XXXX-XXXX (La.3/30/05), 899 So.2d 535, and need not be repeated in detail here. We do note initially, however, the qualifications for legislative offices are set forth at La. Const. (1974) Art. 3, Sec. 4. That section provides that a candidate shall be 18 years of age, be an elector, have been a resident of the state for two years, and have been domiciled in the district in which he seeks to run for one year. There is no requirement that he be an elector in the district that he seeks to represent, but only that he be an elector in the state. Here, there is no question that Barney is an elector and that he has resided in the state for two years. The only question is whether he has been domiciled at DeMontluzin Street or at Morrison Road for the year preceding qualification for office.
Determinations of domicile made in the district courts are subject to the manifest error rule. Thus, it is of no consequence how this court might have ruled had it been sitting as the trier of fact, about rather whether a reasonable trier of fact could have reached the result that he did. Landiak, supra. Here the evidence showed that Barney had registered to vote and had always voted at the Morrison Road address, including casting a ballot there in the November 2004 presidential election. His driver's license and car registration were at that address, and he resided there for at least several months prior to June of 2003. These factors clearly establish that for that period at least his domicile was on Morrison Road.
It is equally clear that he established another residence on DeMontluzin Street in 2003 as the trial judge found. The question is thus whether he intended to change his domicile. There is a presumption that a person's domicile remains the same unless there is sufficient evidence to show his intent to change it. Landiak, *754 supra. The trial judge heard all of the witness and made a factual determination that in leaving his car and license at the old address, and particularly in not changing his voter registration, he had not established by a preponderance of the evidence that he intended to abandon his prior domicile and establish a new one. This is a reasonable finding based on the entire record and as such we may not set it aside under the manifest error standard of review.
For the foregoing reasons the judgment of the trial court declaring Shawn M. Barney ineligible as a candidate for the 3rd State Senatorial District is hereby affirmed.
AFFIRMED.