991 So.2d 113 (2008)
Thomas A. ROBICHAUX
v.
Grayling SHIELDS and Arthur Morrell, In his Official Capacity as Clerk of Criminal District Court.
No. 2008-CA-0960.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 2008.
*114 Leroy A. Hartley, Leroy A. Hartley & Associates, New Orleans, LA, for Plaintiff/Appellant, Thomas A. Robichaux.
Thomas A. Robichaux, New Orleans, LA, In Proper Person, Plaintiff/Appellant.
Sandra Cabrina Jenkins, New Orleans, LA, for Defendant/Appellee, Grayling Shields.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge TERRI F. LOVE).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, Thomas A. Robichaux, appeals the dismissal of his challenge to the candidacy of the defendant-appellee, Grayling Shields, for the District 7 seat on the Orleans Parish School Board. We affirm.
Plaintiff alleges that Mr. Shields' domicile as declared on his Notice of Candidacy, 1442 Poland Ave., New Orleans, La. 70117, is outside of the boundaries of District 7 and, therefore, Mr. Shields is not qualified to run for the District 7 seat. Mr. Shields does not dispute the fact that his domicile is located at the above stated address as shown on his Notice of Candidacy. Nor does Mr. Shields dispute the fact that his domicile must be within the boundaries of District 7 in order for him to run for the District 7 School Board seat. The issue before this Court is whether 1442 Poland Avenue is within the District 7 boundaries.
Determinations of domicile made in the district courts are subject to the manifest error rule. Imbraguglio v. Bernadas, 07-1220 (La.App. 4 Cir. 9/21/07), 968 So.2d 745, 747. Augillard v. Barney, 05-466 (La.App. 5 Cir. 5/4/05), 904 So.2d 751, 753. Thus, it is of no consequence how this court might have ruled had it been sitting as the trier of fact, but rather whether a reasonable trier of fact could have reached the result that he did. Id.; Landiak v. Richmond, 05-0758 (La.3/30/05), 899 So.2d 535.
*115 Because election laws are to be interpreted to give the electorate the widest possible choice of candidates, a person objecting to the candidacy bears the burden of proving that the candidate is disqualified. Landiak, supra; Cavignac v. Bayham, 04-0260 (La.App. 4 Cir. 2/17/04), 869 So.2d 159, 161. If a particular domicile is required for candidacy, then the burden of showing lack of domicile rests on the party objecting to the candidacy. Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869; Pattan v. Fields, 95-2375 (La.9/28/95), 661 So.2d 1320; Any doubt as to the qualifications of a candidate should be resolved in favor of the candidate. Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051; Dixon v. Hughes, 587 So.2d 679, 680 (La.1991). The laws governing elections must be liberally construed so as to promote rather than defeat candidacy. Becker, supra. Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for office. Id.
A review of the transcript of the proceedings in the trial court indicates the following:
The plaintiff was shown a certified copy from the Office of the Secretary of State of a document purporting to show "the parish, ward, and precinct of every precinct that is in District 7." Mr. Shields' attorney objected to the admission of the document on the basis that the plaintiff was not qualified to identify it as he was not a representative of the Secretary of State. The trial court overruled the objection and took judicial notice of the document on its own motion without being requested to do so. The document purportedly lists the precincts included in District 7, but Ward 9, precinct 10 is not among them. It is the plaintiff's position that the defendant's declared domicile of 1442 Poland Avenue is in Ward 9, precinct 10 and, therefore, not in District 7. However, we do not find this document in the record transmitted to this Court.
In support of his contention that 1442 Poland Avenue in not in Ward 9, Precinct 11, the plaintiff offered what he described as a certified copy of a computer readout from the Registrar of Voters Office of Orleans Parish showing that even numbered addresses from 1100 Poland Avenue to 1898 Poland Avenue, are in Ward 9, Precinct 10. The attorney for the defendant raised the same objection. The defendant's attorney objected and also noted that the document made no specific reference to 1442 Poland Avenue. Again the trial court took judicial notice of the document on its own motion. After some discussion counsel for the defendant withdrew her objection, stating:
Your Honor ... if I may, the second document where it is clear that it does come from the Registrar of Voters, I do not object to that.
However, a copy of that document is not to be found in the record furnished to this Court.
Then the defendant took the stand and testified that:
I looked on the map from the Clerk's Office when I initially, when I initially looked to qualify for this particular position. And every thing, every map that I looked at showed the area where I am, and right there in this particular precinct and ward, ward and precinct.
The defendant went on to testify that he lived on the corner of Robertson and Poland, but that he could not locate that corner on the map he was shown by the plaintiff's attorney as those streets were not labeled on the map.
The trial court then reached the following conclusion:
I guess I can't tell whether what you referred to as in the district or out of *116 the district. Not being able to tell, you haven't met your burden. I would dismiss the objection to this case. I mean, he may in fact live in the district. You haven't given me anything to show that he does not.
In closing, plaintiff's counsel attempted to offer some computer generated maps, but the trial court sustained the plaintiff's objection to those maps. We find no abuse of the trial court's discretion regarding the admissibility of evidence in that regard.
The defendant filed a motion to strike certain exhibits annexed to the plaintiff's brief as not being in the record. We find that the attachments are not in the record. Regardless, assuming for purposes of argument that they were, we find that they do not show that 1442 Poland Avenue is not in the district for which the defendant qualified.
In fact, we find nothing in the record as transmitted to this Court that is so incontrovertible that we can say that the trial judge was manifestly erroneous or clearly wrong when he stated orally in open court as quoted above that he was unable to tell with certainty where the defendant's domicile was located relative to the District 7 boundaries; and that, therefore, the plaintiff had failed to carry his burden of proving that the defendant was not qualified to run for the School Board from District 7. Landiak, supra; Cavignac, supra; Becker, supra; Pattan, supra; Russell, supra; Dixon, supra.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.