Dear Mayor Hudson:
You advise this office that council members Teresa Havens and Elton Havens of the Town of Merryville registered to vote in the Town of Merryville on January 13, 2010, and then qualified to run for the council during the qualifying dates of February 3, 4, and 5 of 2010. Both council members were elected to their respective offices in March of 2010. Given these facts, you ask this office to advise if these council members held status as qualified electors of the municipality at the time of their qualification as candidates for their respective offices.
We first point out that under La.R.S. 18:451 of the Election Code, ". . . a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office." Interpreting La.R.S. 18:451, Louisiana appellate courts have stated that "the term `qualifies' as used in the statute means qualifies as a candidate for office. Consequently, a candidate shall possess the qualifications for the office he seeks at the time he qualifies as a candidate for that office, except as otherwise provided by law." See Foley v. Dowling, 445 So.2d 785, 786 (La.App. 2 Cir. 1984); see also Butler v. Cantrell, 630 So.2d 852, 856 (La.App. 4 Cir. 1993).
The Town of Merryville is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq. Relevant to this discussion are the provisions of La.R.S. 33:384 and La.R.S. 33:385, providing for the qualifications *Page 2 
of the offices of mayor and alderman, respectively. La.R.S. 33:384 states "the mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality." Further, La.R.S. 33:385(A) addresses the qualifications for the office of alderman, stating "the qualifications of the aldermen shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards."
La.R.S. 33:385(A) states in part that the qualifications of the alderman shall be the same as are prescribed for the mayor. Thus, in a Lawrason Act municipality, on the date of qualifying for office, a candidate for either the office of mayor or the office of alderman (1) must have been domiciled and resided for at least the immediately preceding year in the municipality and (2) must be an elector of the municipality.[1]
To be a qualified elector of a municipality, a person must be a registered voter of the municipality. See La.R.S. 18:101.[2]
Additionally, La.R.S. 18:135(A) provides "registrars shall close the registration records thirty days prior to an election."[3]
Implicit in your question is an interpretation of La.R.S. 18:135(A) requiring a candidate for the office of mayor or alderman to have held status as a registered voter of the municipality for at least thirty days on the date of qualifying in order to be a "qualified elector" under La.R.S. 33:384 or La.R.S. 33:385. However, it is our opinion that La.R.S. 18:135(A) imposes no such requirement. Rather, La.R.S. 18:135(A) requires the registration records to be closed for a period of thirty days prior to any primary or general election.
Under the facts related, it is the opinion of this office that both council members were qualified electors of the Town of Merryville at the time of qualifying, as both *Page 3 
were registered to vote in the municipality in January of 2010, well over thirty days in advance of the election held in March of 2010.
Finally, we also find worth mentioning that while La.R.S. 18:492(A)(3) permits an objection to candidacy on the basis that the defendant does not meet the qualifications for the office he seeks in the primary election, such an objection must be made within the time prescribed by law. La.R.S. 18:493 provides an action objecting to candidacy shall be commenced in a court of competent jurisdiction within seven days after the close of qualifications for candidates in the primary election. The statute goes on to state that after the expiration of this time period, no action shall be commenced objecting to a person's candidacy based on the grounds for objections to candidacy contained in La.R.S. 18:492.
Based on the facts provided, it is the opinion of this office that an objection to these council members continuing to hold their offices on the basis of lacking the qualifications of office at the time of qualifying would now be considered untimely under La.R.S. 18:493.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY:_________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] The Secretary of State's office advises that council members for the Town of Merryville are elected from the municipality at large, making inapplicable here that portion of La.R.S. 33:385(A) requiring "those [aldermen] elected from wards must be residents of their respective wards."
[2] La.R.S. 18:101 (A)(1) provides:
101. Registration to vote; qualifications; more than one residence; presidential elections Every citizen of Louisiana who is at least eighteen years of age or will attain that age on or before the next election, is an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter, is not disfranchised, and who complies with the provisions of this Chapter shall be eligible to register to vote in local, state and national elections held in this state.
[3] La.R.S. 18:135(A) provides:
135. Close of registration
A. (1) Registrars shall close the registration records thirty days prior to an election. However, if the deadline falls on a legal holiday, the registrars shall close the registration records on the first day after such holiday which is not a Saturday, Sunday, or other legal holiday.