ROLAND L. BELSOME, Judge.
| T This is an election contest suit in which the plaintiff, Jane Johnson, seeks review of the trial court’s judgment denying her motion to disqualify the defendant, Taetrece Harrison,[1] as a candidate for judge in Domestic Section 1 of Civil District Court. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The defendant was admitted to the practice of law in Louisiana on October 13, 2006. On August 22, 2014, she qualified as a candidate for district judge in Orleans Parish (Domestic Section 1 of Civil District Court), before she had been practicing law for eight years. Shortly thereafter, Ms. Johnson filed a petition to disqualify the defendant alleging that she did not meet the requirements regarding the admission to practice law. The trial court subsequently denied the plaintiffs petition, and this appeal followed. The defendant answered the plaintiffs appeal requesting damages, court costs, and attorney’s fees.

DISCUSSION

On appeal, the plaintiff asserts that the trial court erred in denying her petition to disqualify the defendant from the upcoming election. Therefore, the |2issue before this Court is whether the defendant meets the qualification requirements as a candidate for district judge in Orleans Parish.
The interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate the widest possible choice of candidates. Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869. In an election contest, the person opposing candidacy bears the burden of proving the candidate is disqualified. Id. The laws governing elections must be liberally construed so as to promote rather than defeat candidacy. Id. Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for office. Id.
La. R.S. 18:451, which provides general qualification guidelines, states, in pertinent part, as follows:
A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies *33 for that office. In the event that the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary [emphasis supplied].
However, La. Const. Art. V, Sec. 24 sets forth explicit domicile and bar admission qualifications for district court judges. La. Const. Art. V, Sec. 24, which was amended pursuant to 2006 La. Acts 860 (Act 860), provides, in relevant part, as follows:
(A) A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
1¾(1) For the supreme court or a court of appeals — ten years.
(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction — eight years.
As the language in La. R.S. 18:451 defers to more specific election laws, the constitutional article prevails.[2] Moreover, when a statute conflicts with a constitutional provision, the statute must fall. Caddo-Shreveport Sales & Use Tax Comm’n v. Office of Motor Vehicles Through Dep’t of Pub. Safety & Corr. of State, 97-2238 (La.4/14/98), 710 So.2d 776, 780 (citation omitted). Thus, we conclude that the constitutional provisions predominate.
Particularly, at issue here is when the eight-year admission requirement must be met and whether the defendant meets the requirement. It is uncontested that she was admitted to practice law on October 13, 2006; she qualified for candidacy on August 22, 2014. The date of the primary election is November 4, 2014. Thus, she will have been admitted to practice law for eight years on October 13, 2014, between the date of qualifying and the primary election.
The plaintiff contends that since the language of the constitutional article does not provide for a deadline, the admission requirement must be met upon qualifying, as provided by the default language in La. R.S. 18:451. Thus, she concludes that the defendant does not meet the requirement. Conversely, the defendant contends that the language of the constitutional article is ambiguous, thus necessitating interpretation of the constitutional article. She argues that the legislature’s will was to provide that the admission requirement was to be met before the election, not qualification; thus, she is a qualified candidate.
| /‘The function of statutory interpretation and the construction given to legislative acts rests with the judicial branch of the government.” Theriot v. Midland Risk Ins. Co., 95-2895, p. 3 (La.5/20/97), 694 So.2d 184, 186 (citation omitted). The rules of statutory construction are designed to establish and implement the intent of the legislature. Succession ofBoyter, 99-761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128 (citation omitted). Legislation is the solemn expression of legislative will and, thus, the interpretation of legislation is primarily the search for the legislative intent. Id. The Louisiana Su *34 preme Court has often noted the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law. State v. Johnson, 03-2993, p. 12 (La.10/19/04), 884 So.2d 568, 575 (citations omitted); Theriot, 95-2895 at p. 3, 694 So.2d at 186.
The starting point in the interpretation of any statute is the language of the statute itself. Id. “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the ■ intent of the legislature.” La. C.C. art. 9; Johnson, 03-2993 at p. 12, 884 So.2d at 575. However, “when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.” La. C.C. art. 10; Fontenot v. Reddell Vidrine Water Dist., 02-439, 02-442, 02-478, p. 7 (La.1/14/03), 836 So.2d 14, 20. Moreover, “when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.” La. C.C. art. 12.
Primarily agreeing with the defendant’s interpretation of the constitutional article, the trial court .denied the plaintiffs petition. We find no error. As written, | ¿the constitutional article is ambiguous. Specifically, the language is susceptible to two meanings: 1) both the domicile and the admission requirements must be met “preceding election,” or 2) only the domicile requirement must be met “preceding election.”
An additional provision in Act 860 provided that the proposed amendment to the constitutional article would be submitted to Louisiana voters during a statewide election. See 2006 La. Acts 860, Section 2. It further set forth the language on the official ballot, in relevant part, as follows:
To provide that a person shall have been admitted to the practice of law for ten years preceding election to the supreme court or a court of appeals and for eight years preceding election to a district court, family court, parish court, or court having solely juvenile jurisdiction ...
2006 La. Acts 860, Section 3 (emphasis supplied). After reviewing Act 860 in its entirety, it is clear that the legislature intended that both the domicile and the admission requirements be met before the election. Further, where there are two viable interpretations of the constitutional article, we must lean towards the interpretation that favors candidacy.
Since the defendant will have been admitted to practice law in this State for more than eight years prior to both the date of the primary and the general election established for the office of district judge, she meets the qualifications established by the Constitution for the office she seeks.[3] Therefore, the petition objecting to her candidacy was properly denied.

\ ^¡ANSWER TO APPEAL

In an answer to the appeal, the defendant argues that the judgment appealed from should be modified to award costs of court, plus a reasonable attorney fee, plus damages of $5,000.00. See La. C.C.P. arts. 2133 and 2164. The trial court denied the defendant’s request for damages, costs, and attorney’s fees, stating *35 that the plaintiffs argument raised a legitimate issue; therefore, the appeal was not frivolous. We agree. Accordingly, the request for a modification is denied.

CONCLUSION

In light of the foregoing, the trial court’s judgment is affirmed; and the defendant’s motion for a modification of judgment is denied.
AFFIRMED; REQUEST FOR MODIFICATION OF JUDGMENT DENIED.
TOBIAS, J., concurs and assigns reasons.
BONIN, J., concurs with reasons.
LANDRIEU, J., concurs with reasons.
LÓBRANO, J., dissents in part and concurs in part.

. Arthur Morrell was also named as a defendant in his capacity as Clerk of Criminal District Court.

. The language "except as otherwise provided by law” designates La. R.S. 18:451 to be the default rule for qualification.

. We need not reach the issue regarding whether the phrase “preceding election” refers to the primary or the general election.