| JAMES RYAN NEWHART | * | NO. 2020-CA-0374 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| DIEDRE PIERCE KELLY AND ARTHUR MORRELL, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |
| | * | |

* * * * * * *

| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
|---|---|
| C. GARY WAINWRIGHT | NO. 2020-CA-0375 |
| VERSUS | |
| DIEDRE PIERCE KELLY AND THE HONORABLE ARTHUR A. MORRELL | |

**LEDET, J., CONCURRING WITH REASONS**

Although I agree with the result the majority reaches, I write separately to explain my reasoning. This is an election case in which the facts are undisputed. The principal issue presented is a legal one: whether Ms. Kelly has satisfied the minimum eight-year admission requirement to qualify for district court judge.[1] The admission requirement is a constitutional one, set forth in La. Const. art. V, § 24(A)(2).[2]

---

[1] Mr. Newhart's argument regarding Form 100 is unpersuasive. This issue may be a matter for the Louisiana Board of Ethics and the Louisiana Judicial Oversight Committee, but it is not relevant here.

[2] La. Const. art. V, § 24(A) provides:

> A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
>
> (1) For the supreme court or a court of appeals—ten years.
>
> (2) For a district court, family court, parish court, or court having solely juvenile jurisdiction—eight years.

1

In addressing whether the admission requirement has been satisfied, I start with the well-settled principle that courts are required to construe election laws, including constitutional provisions, in favor of candidacy. We have repeatedly recognized the principle that constitutional provisions limiting the right to run for public office should be construed against defeating—and in favor of maintaining—candidacy. *Johnson v. Harrison*, 14-0932, p. 5 (La. App. 4 Cir. 9/3/14), 150 So.3d 30, 34 (observing that "whe[n] there are two viable interpretations of the constitutional article, we must lean towards the interpretation that favors candidacy"); *see also Becker v. Dean*, 03-2493, p. 7 (La. 9/18/03), 854 So.2d 864, 869 (observing that "laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy" and that "[a]ny doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office").

As this court has observed, "[t]he interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate the widest possible choice of candidates." *Cavignac v. Bayham*, 04-0260, p. 2 (La. App. 4 Cir. 2/17/04), 869 So.2d 159, 160-61. Simply put, "[c]andidacy is favored in order to afford the electorate a choice." *McCarter v. Broom*, 377 So.2d 383, 384 (La. App. 1st Cir. 1979).

As noted earlier, the facts are undisputed. The timeline of pertinent events is as follows:

- October 20, 2011: Ms. Kelly was admitted to the practice;

- April 2, 2015: Ms. Kelly was suspended from the practice;

- June 10, 2016: Ms. Kelly submitted her application for reinstatement to the Louisiana Attorney Disciplinary Board (the "Board") and paid the $500 filing fee to the Board;

- June 20, 2016: Ms. Kelly's application for reinstatement was filed in the Louisiana Supreme Court;

2

- November 15, 2016: Ms. Kelly was reinstated[3] to the practice; and

- January 1, 2021: Ms. Kelly (if elected) would assume office.

Based on this timeline, I find that Ms. Kelly has satisfied the minimum eight-year admission requirement for the following three reasons.

First, the admission requirement lacks a temporal link; it simply requires that a candidate for district court judge "shall have been admitted to the practice of law in the state for at least . . . eight years." La. Const. art. V, § 24(A)(2). Election laws requiring candidates have certain qualifications fall within two general classes:

i. those requiring candidates to possess specified qualifications at the time when elected and when the term of office begins, in which event it is not necessary that the qualifications exist at the time of announcement or filing as a candidate; and

ii. those which require the candidate to possess the required qualifications at the time of announcement or filing of his candidacy.

*McKinney v. Kaminsky*, 340 F.Supp. 289, 293 (M.D. Ala. 1972) (internal citations omitted and reformatted).

This court has construed the admission requirement as falling into the first class—requiring the candidate possess the admission requirement at the time when elected. *Harrison*, *supra* (observing that "it is clear that the legislature intended that . . . the admission requirement[] be met before the election" and rejecting contention that the admission requirement must be met at the earlier time of qualifying for office). As a concurring judge in *Harrison* observed, "[t]he plain and unambiguous meaning of these words [in La. Const. art. V, § 24(A)(2)] is that at the time a person assumes the office of judge she shall have been admitted to the practice of law for eight years." *Harrison*, 150 So.3d at 38 (Bonin, J., concurring). Such is the case here.

---

[3] I would pretermit the issue of whether a meaningful distinction can be made here between the terms readmitted and reinstated.

Second, the admission requirement does not mandate consecutive years of admission; nonconsecutive periods can be combined. *See Gamble v. White*, 566 So.2d 171, 172 (La. App. 2d Cir. 1990) (observing that the then "five-year period of admission does not necessarily mean a period of five consecutive years"). In calculating the number of years Ms. Kelly has been admitted, I combine the periods before and after her suspension.

Third, in calculating the eight-year minimum admission period required by La. Const. art. V, § 24(A)(2), I find Ms. Kelly's suspension ended on the date that she submitted her application for reinstatement to the Board—June 10, 2016. Continuing her suspension beyond that date unfairly penalizes Ms. Kelly for the delay caused by the administrative process over which she had no control. Thus, I exclude from the calculation only the time between Ms. Kelly's suspension— April 2, 2015—and the date that she submitted her application for reinstatement to the Board—June 10, 2016—a period of 1 year, 2 months, and 8 days.

At the time she was suspended, Ms. Kelly had been admitted for 3 years, 5 months, and 13 days—from October 20, 2011, to April 2, 2015. The period between the date that she submitted her application for reinstatement to the Board—June 10, 2016—and the date that she (if elected) would assume office— January 1, 2021—is 4 years, 6 months, and 22 days. Combined, these two periods total more than eight years.

For these three reasons, I find that Ms. Kelly satisfied the admission requirement. Accordingly, I respectfully concur in the majority's decision to affirm the trial court's decision overruling the petitions to disqualify Ms. Kelly.

4